LEWIS ROMERO, CASBN 197231
PAUL ALAGA, CASBN 221165
885 Bryant Street, Suite 202
San Francisco, California 94103
415-581-0885 Tel.
415-581-0887 Fax.
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME HILL<br><br>               Plaintiff,<br><br>  vs.<br><br><br>FAIRFIELD POLICE DEPARTMENT; CITY OF FAIRFIELD, a municipal corporation; REBECCA BELK, individually and in her official capacity as a Police Officer for the CITY OF FAIRFIELD; MICHAEL AMBROSE, individually and in his official capacity as a Police Officer for the CITY OF FAIRFIELD; and DOES 1-50,<br><br>               Defendants.<br>_____ / | Case No.  2:15-CV-01820-MCE-KJN<br><br><br><br>**FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1.     This action arises under Title 42 of the United States Code, § 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, §§ 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Fairfield, Solano County, California, which is within this judicial district.

**PARTIES**

2. At all times mentioned herein, the Plaintiff Jerome Hill (hereinafter "Plaintiff") is an individual, over the age of eighteen and a resident within the Northern District of California. He is a veteran of the United States Armed Forces. He served for the United States Army for six years during the Iraq War. He was honorably discharged with the rank of sergeant after serving two tours of combat duty.

3. Defendant City of Fairfield (hereinafter "FAIRFIELD") is a municipal corporation, duly organized and existing under the laws of the State of California.

4. The defendant Fairfield Police Department (hereinafter "DEPARTMENT") is a municipal police agency operated in and for the City of Fairfield in the County of Solano. Defendant DEPARTMENT operates under the authority of Defendant FAIRFIELD.

5. Defendant REBECCA BELK (hereinafter "BELK") is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein. BELK was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

6. Defendant MICHAEL AMBROSE (hereinafter "AMBROSE") is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein. AMBROSE was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

7. Plaintiff continues to be ignorant of the true names and capacities of Defendants, DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, Defendant police officers BELK, AMBROSE and DOES 1-25 acted under the color of law and in the course and scope of their employment with Defendant DEPARTMENT. In engaging in the conduct described herein, Defendants BELK, AMBROSE and DOES 1-25 exceeded the authority vested in them as police officers under the

United States Constitution and as police officers employed by Defendants DEPARTMENT and FAIRFIELD.

### STATEMENT OF FACTS

9. On June 2, 2014, Plaintiff Jerome Hill, his brother and a female friend were sitting in a car parked legally across the street from their home in Fairfield, California. While working in the capacity as police officers for Defendant DEPARTMENT, Defendants BELK and AMBROSE detained Plaintiff and the vehicle's occupants without probable cause or reasonable suspicion.

10. During the detention, Defendants BELK and AMBROSE confirmed through dispatch that the Plaintiff did in fact live across the street and that none of the occupants of the car were on probation or parole. Thereafter, Defendant BELK put on her gloves and ordered Plaintiff to exit the car. Without any legal cause, she reached into the car and put Plaintiff's left wrist in a wrist lock (causing Plaintiff severe pain). She then ordered Plaintiff to place his right hand on the back of his head and to get out of the car. He complied—all the while, in pain from Defendant BELK's wrist lock.

11. Once outside of the car, Defendant AMBROSE grabbed Plaintiff by the head and attempted to slam him down onto the street pavement. Defendants BELK and AMBROSE then fired their Taser guns at Plaintiff deploying electrical current into Plaintiff's body multiple times. Plaintiff was shot by Defendants BELK and AMBROSE's Tasers in his left eyeball, back and thigh. While Plaintiff was face down on the ground screaming in pain and covering his bleeding left eye, Defendants fired their Tasers into Plaintiff's buttocks. Defendant AMBROSE then placed Plaintiff in handcuffs. Seized by the electrical current, Plaintiff lay on the asphalt street with blood oozing from his left eye.

12. While in handcuffs and lying on the street, Plaintiff repeatedly cried out in pain and pleaded for medical services. Defendants BELK and AMBROSE delayed in calling for medical aid and allowed Plaintiff to lie on the street—the Taser dart still barbed and dangling from his left eyeball and bleeding therefrom.

13. Eventually an ambulance arrived and took Plaintiff to an Emergency Room in Fairfield, California. The Taser dart was surgically removed from Plaintiff's left eye. Plaintiff's left eye was also removed as it was pulverized by the barbed Taser electrode.

14. In addition to the loss of his left eye, Plaintiff suffered multiple injuries due to Defendant BELK and AMBOSE's conduct.

15. Defendants DOES 1-25 also were present at the scene and participated in the unreasonable and unlawful detention of Plaintiff.

16. Plaintiff is informed and believes and therein alleges that Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants BELK, AMBROSE and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants BELK, AMBROSE and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants BELK, AMBROSE and DOES 1-25's misconduct.

17. Plaintiff is informed and believes and therein alleges that members of the DEPARTMENT, including, but not limited to, Defendants BELK, AMBROSE and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff.

18. Plaintiff is further informed and believes and therein alleges that as a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Fairfield—Defendants DEPARTMENT and FAIRFIELD has long allowed its citizens, such as the plaintiff to be abused by its police officers, including by and Defendant BELK, AMBROSE or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

19. Plaintiff is informed and believes and therein alleges that DEPARTMENT police officers have a history of using excessive force to carry out corrupt schemes and motives. This is evidenced by DEPARTMENT police officers having pleaded guilty to obstruction of justice, bribery, and other related crimes. Defendants DEPARTMENT and FAIRFIELD have failed to discipline, or retrain any

of the officers who used excessive force for corrupt purposes. Defendants DEPARTMENT and FAIRFIELD's failure to discipline or retrain any of the involved officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting false arrests and injuries is a proximate result of the Defendants DEPARTMENT and FAIRFIELD's failure to properly supervise its Police Officers.

20. Plaintiff is informed and believes and therein alleges that Defendants DEPARTMENT and FAIRFIELD knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

21. Plaintiff was detained without any just provocation, warrant, or probable cause, by Defendants BELK, AMBROSE and DOES 1-25. Plaintiff was falsely imprisoned, and mentally and emotionally injured and damaged as a proximate result of this incident.

22. Plaintiff sustained serious personal injuries, emotional harm and property damage.

23. The assault and battery on Plaintiff described herein was brutal, malicious, and done without any just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

**DAMAGES**

24. As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries. As a further proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride. Plaintiff was mentally and emotionally injured and damaged as a proximate result of this incident.

25. The conduct of Defendants DOES 1-25 were malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendants.

26. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

//
//

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendant Officers BELK, AMBROSE and DOES 1-25)

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

28. In doing the acts complained of herein, Defendants BELK, AMBROSE and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    And/or

    b. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendants DEPARTMENT, FAIRFIELD and DOES 26-50)

29. Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 20 of this Complaint.

30. Plaintiff are informed and believe and thereon allege that high ranking officials of Defendant Defendants DEPARTMENT and FAIRFIELD, including high ranking deputy supervisors, such as Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants DOES 1-25, and/or each of them.

31. Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and/or each of them, approved, ratified,

1  condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct
2  and/or civil rights violations by said Defendants DOES 1-25.
3  32.     DEPARTMENT, FAIRFIELD and DOES 26-50 failed to formulate and implement an
4  adequate policy to train their Police Officers, including Defendants BELK and AMBROSE on the
5  proper manner in which to respond when confronting by individuals using medical cannabis; and that
6  in the light of the duties commonly assigned to officers who confront individuals using medical
7  cannabis, the need for additional or different training was so obvious that the conduct of
8  DEPARTMENT, FAIRFIELD and DOES 26-50 by and through their official policy makers DOES
9  26-50, demonstrates a deliberate indifference to the Constitutional rights of persons likely to be
10 affected by such failure to train.
11 33.     That DEPARTMENT, FAIRFIELD and DOES 26-50 failed to formulate and implement an
12 adequate policy to train their officers, including BELK and AMBROSE on the Constitutional
13 limitations restricting the manner in which search warrants may be executed; and that in the light of
14 the duties commonly assigned to officers who execute search warrants, the need for additional or
15 different training was so obvious that the conduct of DEPARTMENT, FAIRFIELD and DOES 26-
16 50, by and through their official policy makers DOES 26-50, demonstrates a deliberate indifference
17 to the Constitutional rights of persons likely to be affected by such failure to train.
18 34.     Plaintiff is further informed and believe and thereon allege that as a result of the deliberate
19 indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or
20 each of them, Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and/or each of them,
21 encouraged these officers to continue their course of misconduct, resulting in the violation of the
22 Plaintiff's rights as alleged herein.
23 35.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking
24 officials of Defendants DEPARTMENT, FAIRFIELD, including Defendants DOES 26-50, and each
25 of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the
26 following:
27      a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth
28         and Fourteenth Amendments to the United States Constitution;

and/or

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Against Defendants DEPARTMENT, FAIRFIELD and DOES 26-50)

36. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

37. As against Defendants DOES 26-50 in their capacity as policy-makers for Defendants DEPARTMENT, FAIRFIELD and Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

38. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants DOES 26-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and each of them.

39. The injuries and damages to Plaintiff as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and each of them.

40. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the DEPARTMENT.

41. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendants

DEPARTMENT, FAIRFIELD and DOES 26-50, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants DOES 1-25 and/or each of them.

42. The aforementioned customs, policies or practices of Defendants DEPARTMENT, FAIRFIELD and DOES 26-50, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    and/or

    b. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff JEROME HILL prays for relief, as follows:

1. For general damages in a sum of 25,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: September 17, 2015

Paul L. Alaga
_____
Paul L. Alaga,
Attorney for Plaintiff