1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JEROME HILL,                              No.  2:15-cv-1820-MCE-KJN

12                  Plaintiff,

13        v.                                   **MEMORANDUM AND ORDER**

14   FAIRFIELD POLICE DEPARTMENT;
     CITY OF FAIRFIELD, a municipal
15   corporation; REBECCA BELK,
     individually and as a Police Officer for
16   the CITY OF FAIRFIELD; MICHAEL
     AMBROSE, individually and as a
17   Police Officer for the CITY OF
     FAIRFIELD; and DOES 1-50,
18
                   Defendants.
19

20

21        Plaintiff Jerome Hill ("Plaintiff") brings claims under 42 U.S.C § 1983 against the

22   City of Fairfield, the Fairfield Police Department and City of Fairfield Police Officers

23   Rebecca Belk ("Belk") and Michael Ambrose ("Ambrose") (collectively "Defendants").

24   According to Plaintiff, Defendants violated his constitutional rights when he was injured

25   while being detained by Officers Belk and Ambrose.  Defendants responded by filing the

26   present Motion to Dismiss (ECF No. 18) seeking to dismiss Plaintiff's claims against the

27   City of Fairfield.  For the reasons that follow, Defendants' Motion is GRANTED.[1, 2]

28   _____
                [1] Because oral argument would not have been of material assistance, the Court ordered this

1

**BACKGROUND**

2

3    Plaintiff is an adult male and United States Army veteran.  Pl.'s First Amended

4  Complaint ("FAC") ¶2, ECF No. 17.  On June 2, 2014, Plaintiff and two others were

5  sitting in a parked car across the street from Plaintiff's home in Fairfield, CA.  Id. at ¶ 9.

6  While Plaintiff was sitting in the car, Defendants Belk and Ambrose detained Plaintiff and

7  the car's other occupants, purportedly without probable cause or reasonable suspicion.[3]

8  Id.

9    At that time, Belk and Ambrose confirmed that Plaintiff did in fact live across the

10  street and that none of the occupants of the car were on probation or parole.  Id. at ¶ 10.

11  Belk nevertheless donned gloves and ordered Plaintiff to exit the car.  Id.  Plaintiff

12  alleges that, without any justification, Belk then reached into the car and put Plaintiff's

13  left wrist in a wrist lock, causing him severe pain, and ordered Plaintiff to place his right

14  hand on the back of his head and continue to exit the car.  Id.  Plaintiff alleges that he

15  complied, despite pain from the wrist lock.  Id.

16    Once outside the car, Plaintiff contends that Ambrose grabbed him by the head

17  and attempted to slam him down onto the street.  Id. at ¶ 11.  Belk and Ambrose then

18  fired their Taser guns at Plaintiff multiple times.  Id.  Plaintiff was struck by Belk's and

19  Ambrose's Tasers in the left eyeball, back and thigh.  Id.  While Plaintiff was on the

20  ground covering his left eye, Belk and Ambrose allegedly fired their Tasers into Plaintiff's

21  buttocks.  Id.  Ambrose handcuffed Plaintiff, who remained lying in the street and was

22  bleeding from his eye.  Id.  According to Plaintiff, the barbed Taser dart remained

23  dangling from his left eyeball, causing bleeding and extreme pain.  Id. ¶ 12.

24

---

25  matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

26    [2] Since the Court dismisses claims against the City of Fairfield, Defendants' request to strike
Plaintiff's prayer for punitive damages against Fairfield is moot.

27    [3]  Plaintiff does not explain in the FAC why he was stopped and detained in the first place or what
exactly led to the events that followed.  In any event, for purposes of this Motion the Court need not make
28  any findings with regard to the initial detention.

1   An ambulance arrived and took Plaintiff to an emergency room in Fairfield, where

2   the Taser dart was surgically removed from Plaintiff's eye.  Id. at ¶ 13.  Plaintiff's left eye

3   was subsequently removed due to damage from the barbed Taser dart.  Id.

4   For purposes of the present case, Plaintiff alleges that the City of Fairfield has an

5   entrenched culture, policy, or practice of tolerating and ratifying improper detentions and

6   arrests, racial profiling, use of excessive force and fabrication of official reports.  Id. at

7   ¶ 16.  He further contends that City of Fairfield police officers have a long history of using

8   excessive force to carry out corrupt schemes and motives and that the City of Fairfield

9   has failed to discipline or retrain any of the officers that purportedly used excessive force

10  for corrupt purposes.  Id. at ¶ 19.  Plaintiff thus concludes that it is the official policy of

11  Fairfield, out of indifference to its minority residents, to allow police abuse of its citizens.

12  Id. at ¶ 18.

13

14  **STANDARD**

15

16  On a motion to dismiss for failure to state a claim under Federal Rule of Civil

17  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

18  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

19  Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

20  statement of the claim showing that the pleader is entitled to relief" in order to "give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

22  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

23  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

24  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

25  his entitlement to relief requires more than labels and conclusions, and a formulaic

26  recitation of the elements of a cause of action will not do."  Id. (internal citations and

27  quotations omitted).  A court is not required to accept as true a "legal conclusion

28  couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

3

1   (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a

2   right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles

3   Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

4   (stating that the pleading must contain something more than "a statement of facts that

5   merely creates a suspicion [of] a legally cognizable right of action.")).

6          Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

7   assertion, of entitlement to relief."  Id. at 556 n.3 (internal citations and quotations

8   omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how

9   a claimant could satisfy the requirements of providing not only 'fair notice' of the nature

10  of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles Alan

11  Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts

12  to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have

13  not nudged their claims across the line from conceivable to plausible, their complaint

14  must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it

15  strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery

16  is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

17  (1974)).

18         A court granting a motion to dismiss a complaint must then decide whether to

19  grant leave to amend.  Leave to amend should be "freely given" where there is no

20  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

21  to the opposing party by virtue of allowance of the amendment, [or] futility of the

22  amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

23  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

24  be considered when deciding whether to grant leave to amend).  Not all of these factors

25  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

26  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

27  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

28  "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

1989) ("Leave need not be granted where the amendment of the complaint . . .

constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiff contends that:  (1) the City of Fairfield violated 42 U.S.C. § 1983 when it

failed to properly train its police officers, including Belk and Ambrose, and ratified an

alleged pattern of police misconduct (Second Cause of Action); and (2) the City of

Fairfield had a custom, policy, or practice of condoning police misconduct in violation of

the Fourth Amendment (Third Cause of Action).  FAC at ¶¶ 31-33, 37, 42.  The Court

addresses each claim in turn.[4]

### A.   Plaintiff Fails to State Section 1983 Claims for "Failure to Train" and "Ratification" Against the City of Fairfield.

#### 1. Plaintiff's "failure to train" claim

Plaintiff alleges that Fairfield failed to train its officers, including Belk and

Ambrose, in the proper manner in which to respond when dealing with individuals using

medical cannabis.  Id. at ¶ 32.  In addition, Plaintiff alleges that Fairfield failed to properly

train its officers in effective and appropriate methods of executing search warrants.  Id. at

¶ 33.

To impose liability on a municipality for failure to adequately train its police

officers, the municipal failure must amount to deliberate indifference to a constitutional

right.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010).  The

---

[4] In his Opposition (ECF No. 20) Plaintiff states that he also brings claims under the Fifth and Ninth Amendments to the United States Constitution against Officers Belk and Ambrose.  However, Plaintiff's FAC makes no mention of these constitutional claims.  In any event, Defendants move for dismissal of claims against the City of Fairfield, not Belk and Ambrose.  Plaintiff's discussion of un-alleged claims under the Fifth and Ninth Amendments is non-responsive to Defendants' Motion, and there are no claims under the Fifth or Ninth Amendments for the Court to dismiss.

1    standard is met when the need for more or different training is so obvious, and the

2    inadequacy so likely to result in a constitutional violation, that municipal policymakers

3    can be said to have been deliberately indifferent to the need.  Id.  A "failure to train"

4    claim must reflect a deliberate and conscious choice by a municipality declining to act.

5    Id. at 1250.

6           Plaintiff has not adequately set forth a "failure to train" claim.  Plaintiff's allegations

7    that the City of Fairfield failed to train their officers in dealing with medical cannabis

8    users and executing search warrants are wholly irrelevant to his claim against the City,

9    which relates to training deficiencies pertaining to excessive force.  Plaintiff does not

10   allege that he was using medical cannabis, or that medical cannabis was even involved

11   in the June 2 incident.  Nor does Plaintiff allege that the June 2 incident involved a

12   search warrant.  Plaintiff cannot state a claim for "failure to train" when the alleged

13   training deficiencies he identifies are completely independent of the alleged

14   constitutional violation.  Id. (alleged failure to train must be actual cause of injury).

15                      **2. Plaintiff's "ratification" claim**

16          Plaintiff also alleges that the City of Fairfield ratified Belk's and Ambrose's

17   conduct when it failed to discipline them for their actions.  FAC at ¶ 16.  To impose

18   municipal liability under a ratification theory, a plaintiff must show that the authorized

19   policymakers approved a subordinate's decision and the basis for it.  Lytle v. Carl, 382

20   F.3d 978, 987 (9th Cir. 2004).  The policymaker must have knowledge of the

21   constitutional violation and actually approve of it.  Id.  Mere failure to overrule a

22   subordinate's actions, without more, is insufficient to support a § 1983 claim.  Id.  In

23   addition, the Ninth Circuit "appears to require something more than a failure to reprimand

24   to establish a municipal policy or ratification."  Kanae v. Hodson, 294 F. Supp. 2d 1179,

25   1189 (D. Haw. 2003).  Vague and conclusory allegations of official participation in

26   § 1983 violations are not sufficient to withstand a motion to dismiss.  Arres v. City of

27   Fresno, 2011 WL 284971, at *17 (E.D. Cal. Jan. 26, 2011).

28   ///

1    Plaintiff's allegations are conclusory and formulaic and fail to state a municipal

2    liability claim under a retaliation theory.  Beyond a bare assertion that Belk and Ambrose

3    were not disciplined, Plaintiff alleges only that the City of Fairfield "approved, ratified,

4    condoned, encouraged and/or tacitly authorized the continuing pattern and practice of

5    misconduct."  FAC at ¶ 31.  Plaintiff offers no facts permitting an inference that Belk's

6    and Ambrose's supervisors approved of their conduct.  To the extent that Plaintiff relies

7    on his allegations that City of Fairfield officers have "pleaded guilty to obstruction of

8    justice, bribery, and other related crimes," Id. at ¶ 39, these allegations are similarly

9    unsupported by any facts.  Plaintiff's ratification claim is thus a formulaic recital of the

10   elements, and fails to satisfy pleading requirements.

11   ### 3.  Plaintiff's Fourteenth Amendment claims

12   Plaintiff purports to bring § 1983 claims in his second cause of action under both

13   the Fourth and Fourteenth Amendments.  FAC at ¶ 35.  Municipal liability under § 1983

14   must be based on an underlying constitutional violation.  Aguilera v. Baca, 510 F.3d

15   1161, 1174 (9th Cir. 2007).  The first step in any such claim is to identify the specific

16   constitutional right allegedly infringed.  Albright v. Oliver, 510 U.S. 266, 271 (1994).

17   When a particular Amendment provides an explicit textual source of constitutional

18   protection against particular government behavior, that Amendment must be the guide

19   for analyzing the claim.  Id. at 273.

20   Against this backdrop, Plaintiff's Fourteenth Amendment claim against the City of

21   Fairfield cannot stand.  All claims that law enforcement officers have used excessive

22   force in the course of an arrest, detention, or other seizure must be analyzed under the

23   Fourth Amendment, and as indicated above, Plaintiff has not stated a cognizable claim

24   for municipal liability against the City on excessive force grounds.  Graham v. Connor,

25   490 U.S. 386 (1989).  Moreover, to the extent that Plaintiff attempts to allege an equal

26   protection violation under the Fourteenth Amendment, this claim must also fail.  To state

27   an equal protection violation under § 1983 and the Fourteenth Amendment, Plaintiff

28   must show that the City acted with an intent or purpose to discriminate against Plaintiff

1  based on his membership in a protected class.  Lee v. City of Los Angeles, 250 F.3d

2  668, 686 (9th Cir. 2001).  A claim that the plaintiff is a minority, the arresting officer is

3  Caucasian, and they disagree over the reasonableness of an arrest is insufficient.

4  Bingham v. City of Manhattan Beach, 341 F.3d 939, 948 (9th Cir. 2003), overruled on

5  other grounds by Edgerly v. City and County of San Francisco, 599 F.3d 946, 956 n.14

6  (9th Cir. 2010).  Plaintiff alleges no facts indicating that he is a member of a protected

7  class, was treated differently by the City because of that membership, or that the City's

8  actions, or that of its officers, were motivated by discrimination.  Plaintiff therefore fails to

9  state a § 1983 claim against the City of Fairfield under the Fourteenth Amendment.

10

11  **B.      Plaintiff Fails to State a Section 1983 Claim Against the City of Fairfield Based on an "Official Municipal Policy."**

12         Plaintiff's third cause of action alleges that the City of Fairfield violated § 1983 due

13  to acts and omissions amounting to "a custom, policy or repeated practice of condoning

14  and tacitly encouraging the abuse of police authority."  FAC at ¶ 37.  Plaintiffs seeking to

15  impose municipal liability under § 1983 must show that "action pursuant to official

16  municipal policy" caused the injury.  Connick v. Thompson, 563 U.S. 51, 60-61 (2011).

17  An "official municipal policy" includes practices "so persistent and widespread as to

18  practically have the force of law."  Id. at 61.

19         Here, Plaintiff has alleged only that Belk and Ambrose acted inappropriately.  A

20  plaintiff cannot prove the existence of a municipal policy or custom based solely on the

21  occurrence of a single incident of unconstitutional action by a non-policymaking

22  employee.  Davis v. City of Ellensburg, 869 F.2d 1230, 1233-34 (9th Cir. 1989),

23  overruled on other grounds by Beck v. City of Upland, 527 F.3d 853 (9th Cir. 2008).

24  Despite Plaintiff's belief that a municipal policy or custom exists, FAC at ¶¶ 16-20,

25  Plaintiff's factual allegations involve only the actions of Belk and Ambrose.  Aside from

26  these actions, Plaintiff sets forth no facts leading to an inference that the City of Fairfield

27  had an unconstitutional policy or custom of police misconduct.

28  ///

1

**CONCLUSION**

2

3      Defendants' Motion to Dismiss (ECF No. 18) is GRANTED with leave to amend.

4   Not later than twenty (20) days following the date this Memorandum and Order is

5   electronically filed, Plaintiff may (but is not required to) file an amended complaint.  If no

6   amended complaint is filed, the causes of action dismissed by virtue of this Order will be

7   deemed dismissed with prejudice upon no further notice to the parties.

8      IT IS SO ORDERED.

9   Dated:  May 4, 2016

10

11

12   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
13   UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9