UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FAIRFIELD POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-1820-MCE-KJN<br><br><br>ORDER |

INTRODUCTION

　　　　Presently pending before the court is defendants' motion to compel a mental examination of plaintiff pursuant to Federal Rule of Civil Procedure 35. (ECF No. 34.) The parties timely filed a joint statement regarding their discovery disagreement. (ECF No. 34-1.) At the March 30, 2017 hearing on the motion, attorney Ian Kelley appeared telephonically on behalf of plaintiff, and attorney Parry Black appeared on behalf of defendants.

　　　　After carefully considering the court's record and the applicable law, the court GRANTS the motion to compel.

////

////

////

1

BACKGROUND

In this action initially filed on May 28, 2015, plaintiff alleges that he was unlawfully detained and arrested, and that excessive force was used when he was tasered by City of Fairfield police officers, sustaining a serious eye injury.[1] Plaintiff claims that his pre-existing post-traumatic stress disorder ("PTSD") was exacerbated by the incident.

On December 9, 2016, defendants issued a notice for a mental examination of plaintiff, setting the exam for January 13, 2017. After plaintiff objected to the scope of the examination, the exam date was vacated subject to further meet-and-confer efforts by the parties. According to the parties' joint statement, those efforts have now been exhausted and the parties have reached an impasse.

The parties agree that a mental examination is warranted, and plaintiff does not object to the qualifications of defendants' chosen expert, Dr. Sarah Polfliet, M.D. However, the parties disagree as to the permissible scope of questioning and testing to be performed.

Dr. Polfliet has proposed to conduct an examination lasting approximately 8 hours (4.5 hours of psychiatric clinical interview and 3 hours of psychological testing using the Minnesota-Multiphasic Personality Inventory ["MMPI-2"]). In light of plaintiff's requests to narrow the examination, Dr. Polfliet agreed to certain limitations, which she explained as follows:

> Collateral records indicate Mr. Hill is a 32 year old, divorced, African-American male with a history of multiple psychiatric diagnoses including: a post-traumatic stress disorder (PTSD) with reference to both military-related and non-military traumas, recurrent major depressive disorder, bipolar disorder and substance dependence. Prior to the incident of his claim, collateral records indicate that Mr. Hill had been diagnosed with PTSD, bipolar disorder and alcohol dependence (July 2013 and February 2014) by providers at the VA Northern CA Health Care System. This undersigned physician has been consulted to evaluate Mr. Hill's reported symptoms of mental illness as related to the incident of his claim in the context of an individual with a significant history of psychiatric illness.
>
> Per request to narrow the scope of Mr. Hill's psychiatric independent medical evaluation (IME) while accessing information adequate for this consultation, the following areas of psychological

---

[1] The background facts are taken from the parties' joint statement regarding their discovery disagreement. (ECF No. 34-1.)

1       inquiry may be deferred:
2               -Social history prior to 2003
3               -Family medical/mental health history
4               -Educational history prior to 2003
5               -Occupational history prior to 2003
6               -Relationship history prior to 2003
7               -Substance use history prior to 2003
8   (ECF No. 34-1 at 5.)
9       Plaintiff argues that the scope of the examination remains too broad, because it targets plaintiff's mental state and psychiatric condition as a whole, as opposed to simply his PTSD. According to plaintiff, only plaintiff's PTSD is in controversy, and inquiry regarding other psychological conditions is inappropriate and unduly invades plaintiff's privacy.  Plaintiff also argues that the MMPI-2 test is an overbroad test not appropriately focused on PTSD, and that there are several other specific tests that can be used to assess PTSD.  Essentially, plaintiff contends that defendants' proposed examination would amount to a fishing expedition.

        Defendants counter that, as Dr. Polfliet noted, defendant was diagnosed with various psychological conditions prior to the incident, and that defendants are entitled to evaluate his entire psychiatric condition/mental state to ascertain the etiology and causes of his alleged aggravated PTSD, and the extent to which symptoms may be attributable to other psychological conditions unrelated to the incident.  Defendant argues that Dr. Polfliet's proposed limitations are adequate, and that any arguments regarding the adequacy of the psychological tests or the relevancy of Dr. Polfliet's opinions should be reserved for motions in limine and/or cross-examination at trial.  Defendants contend that it would be inappropriate for plaintiff, at the discovery stage, to hamstrung defendants' expert and dictate her methods, especially given the fluidity of mental examinations.

////
////
////

3

DISCUSSION

Federal Rule of Civil Procedure 35 provides that the court where the action is pending "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Courts have discretion in setting appropriate conditions for a physical or mental examination depending on the facts and circumstances of each case. See Newman v. San Joaquin Delta Community College District, 272 F.R.D. 505, 511 (E.D. Cal. Feb. 15, 2011).

In this case, defendants have the better argument. Plaintiff here appears to have had multiple pre-existing mental conditions. Even if plaintiff only claims that his PTSD was aggravated by the incident, defendants are entitled to explore plaintiff's psychiatric condition to determine whether the alleged aggravated symptoms are truly attributable to the incident and PTSD, or whether there are other unrelated causes for such alleged symptoms. See, e.g., Franco v. Boston Scientific Corp., 2006 WL 3065580, at *2 (N.D. Cal. Oct. 27, 2006) (unpublished) ("From documentation provided at the hearing, it appears that Franco has had a long history of depression and psychological problems, characterized by her physician as "post-traumatic stress" that *predated* her termination from Boston Scientific. Under these circumstances, restricting examination into historical matters would unduly hamper a determination of what effects are attributable to the termination."). Furthermore, defendants' expert is entitled to use tests she deems professionally appropriate. Newman, 272 F.R.D. at 512 ("Absent evidence that a certain test would cause actual harm to Newman, the court cannot itemize tests that are truly unnecessary or appropriate. These tests are complex, as are Newman's alleged mental issues and their potential causes, and absent a showing of danger or actual harm this court will not hamper the defendants' need for a complete examination of Newman's mental health.").

////

4

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 34) is GRANTED.
2. The mental examination of plaintiff by Dr. Sarah Polfliet pursuant to Federal Rule of Civil Procedure 35 shall take place on April 6, 2017, unless the parties stipulate to an alternative date.
3. The scope of the mental examination shall be according to the limitations proposed by Dr. Polfliet, as referenced in this order.

IT IS SO ORDERED.

Dated:  March 31, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE